United States District Court
Southern District of Texas
**ENTERED**
March 30, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAFAEL DELGADO ACOSTA, A#220329324, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-1034 |
| WARDEN RANDY TATE, Montgomery Processing Center, | § § § | |
| Respondent.[1] | § § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Rafael Delgado Acosta, has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1), challenging his detention by immigration officials at the Montgomery Processing Center in Conroe, Texas, while awaiting his removal from the United States. After considering all of the pleadings and the applicable law, the court will dismiss this action for the reasons explained below.

---

[1] Although the petitioner lists several other federal officials as respondents, Warden Tate is his immediate custodian and is therefore the only proper respondent for purposes of habeas corpus review. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2720 (2004) (reaffirming that in challenges to "present physical confinement" under 28 U.S.C. § 2241 it is "the immediate custodian, not a supervisory official who exercises legal control," who is the proper respondent).

## I. Background

The petitioner reports that he was taken into custody by immigration officials most recently on December 14, 2022, and that a removal order was entered against him on February 21, 2023.[2] Records provided by the petitioner reflect that he is from Cuba,[3] and that he was originally placed in removal proceedings following an arrest that occurred on September 25, 2021.[4]

On March 13, 2023, the petitioner filed his habeas corpus Petition under 28 U.S.C. § 2241, seeking release from confinement while awaiting his removal.[5] He argues that his continued detention violates due process because his removal is not reasonably foreseeable and that release from custody is warranted pursuant to Zadvydas v. Davis, 121 S. Ct. 2491 (2001).[6] He seeks relief in the form of a writ of habeas corpus to effect his

---

[2]Petition, Docket Entry No. 1, p. 4.  For purposes of identification all page numbers refer to the pagination imprinted at the top of each docket entry by the court's Electronic Case Filing ("ECF") system.

[3]Copy of the petitioner's Employment Authorization Card, attached to Petition, Docket Entry No. 1-1, p. 2.

[4]Department of Homeland Security Immigration and Customs Enforcement, Order of Release on Recognizance, attached to Petition, Docket Entry No. 1-1, p. 4.

[5]Petition, Docket Entry No. 1, p. 6.

[6]Id.

immediate release from confinement.[7] He also appears to request declaratory relief concerning the removal order that was entered against him because he was a "victim of torture and repression" in Cuba.[8]

## II. Discussion

### A. Petitioner's Claim Under Zadvydas

The petitioner seeks release from his continued confinement while awaiting removal from the United States. Once a removal order becomes "final," the Attorney General has ninety days to effect an alien's departure from the United States. 8 U.S.C. § 1231(a)(1)(A); Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2006). Aliens shall be detained during the removal period. See 8 U.S.C. § 1231(a)(2). If an alien is not promptly removed within the removal period, then he may be eligible for supervised release until removal can be accomplished. See id. at § 1231(a)(3). Certain inadmissible or criminal aliens "may be detained beyond the removal period," or released under terms of supervision, while efforts continue.[9] See id. at § 1231(a)(6).

---

[7] Id. at 7.

[8] Id.

[9] Public records reflect that the petitioner has been charged with assault involving domestic violence. See Indictment in Harris County Cause No. 1795531, available through the Harris County District Clerk's Office at https://www.hcdistrictclerk.com (last visited March 22, 2023). The court takes judicial notice of the
(continued...)

The petitioner argues that he is entitled to immediate release under Zadvydas because he has been detained for "more than three months" and there is no likelihood that he will be removed in the reasonably foreseeable future.[10]  In Zadvydas the Supreme Court held that the Fifth Amendment Due Process Clause does not permit indefinite detention lasting beyond six months past the ninety-day removal period found in § 1231(a).  See Zadvydas, 121 S. Ct. at 2498, 2504-05.  After the expiration of six months, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]"  Id. at 2505.

The petitioner's reliance on Zadvydas is unavailing because his allegations show that the removal order was entered against him recently on February 21, 2023, and that he has not been in immigration custody for more than six months.[11]  Because he has not been in custody past the presumptively reasonable period outlined in Zadvydas, the petitioner does not demonstrate that his detention violates the Constitution and he does not state an actionable claim

---

[9](...continued)
petitioner's state court proceedings, which qualify as "matters of public record."  Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

[10] Petition, Docket Entry No. 1, p. 6.

[11] Id. at 4 (alleging that he was taken into immigration custody on December 14, 2022, and an order of removal was entered or reinstated against him on February 21, 2023).

for relief. See Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam)(concluding that the six-month period must have expired at the time the § 2241 petition was filed in order to state a claim under Zadvydas). Accordingly, the Petition for a writ of habeas corpus must be dismissed as premature. See Chance v. Napolitano, 453 F. App'x 535, 536, 2011 WL 6260210, at *1 (5th Cir. 2011) (per curiam); see also Okpuju v. Ridge, 115 F. App'x 302, 302, 2004 WL 2943629, at *1 (5th Cir. 2004) (per curiam) (noting that the petitioner's claim regarding his continued detention was premature because the petitioner had not yet been in custody longer than the "presumptively reasonable six-month post-removal order period" set forth in Zadvydas). The petitioner may re-file a habeas corpus application, if necessary, after he has been confined for longer than the presumptively reasonable period established by Zadvydas and he has exhausted all available administrative remedies.[12]

**B.   The Petitioner's Challenge to the Removal Order**

The petitioner seeks a declaration stating that he has been

---

[12]Because the petitioner has not been in immigration custody longer than six months, it appears that he has not yet exhausted available administrative remedies that were implemented after Zadvydas for aliens detained beyond the removal period. See Continued Detention of Aliens Subject to Final Orders of Removal, 66 Fed. Reg. 56977 (Nov. 14, 2001) (codified at 8 C.F.R. § 241.13). A federal prisoner must "exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)

the victim of torture and repression in Cuba.[13] In support of this claim the petitioner has provided a handwritten declaration, which states that he has been threatened with death and "tormented by the Castro Government" in Cuba because of his membership in "a young political group."[14] The court construes this request as a challenge to the removal order entered by the immigration judge.[15]

To the extent that the petitioner argues that he should not be removed because he is entitled to asylum, this court has no jurisdiction to consider the validity of an order of removal. The REAL ID Act, codified as amended at 8 U.S.C. § 1252(a), "divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." Moreira v. Mukasey, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)). Because this court has no jurisdiction to consider the petitioner's claim and he has not otherwise articulated a valid basis for relief, the Petition will be dismissed.

### III. Conclusion and Order

Based on the foregoing, it is **ORDERED** that the Petition for a

---

[13] Id. at 7.

[14] Hand-written declaration attached to Petition, Docket Entry No. 1-1, p. 8.

[15] This court lacks jurisdiction to hear an application for asylum. See 8 C.F.R. § 208.2(b) ("Immigration judges shall have exclusive jurisdiction over asylum applications[.]").

Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Rafael Delgado Acosta (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 30th day of MARCH, 2023.

                                              SIM LAKE
                          SENIOR UNITED STATES DISTRICT JUDGE